IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDY JONES,<br><br>   Plaintiff,<br><br>v.<br><br>SODEXO, INC.,<br><br>   Defendant. | CIVIL ACTION FILE NO.<br><br>_____<br><br>**JURY DEMAND** |

## COMPLAINT

COMES NOW, Plaintiff Randy Jones ("Plaintiff" or "Mr. Jones"), by and through undersigned counsel, and brings this action against Defendant Sodexo, Inc. ("Defendent" or "Sodexo"), and states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA") alleging that Defendant failed to pay Plaintiff the correct amount of wages during his employment.

### PARTIES

2. Plaintiff is a citizen of the State of Georgia who resides in Douglas County.

1

3. At all times relevant to this action, Plaintiff was an "employee," as defined by 29 U.S.C. § 203(e).

4. Sodexo is a Delaware corporation with its principal place of business located at P.O. Box 352, Buffalo, New York 14240, as listed with the Georgia Secretary of State. It may be served with process by delivering a copy of the Complaint and Summons to its registered agent, The Prentice-Hall Corp. System, at 40 Technology Parkway South, No. 300, Norcross, Georgia 30092.

## JURISDICTION AND VENUE

5. This Court exercises jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

6. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit because it has sufficient minimum contacts with the forum state, including but not limited to, possession of assets in Georgia, business and employment relationships in Georgia, and registration to do business in Georgia with the Georgia Secretary of State.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(B)(1)(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims, as described in this complaint, occurred within the Atlanta Division of the Northern District of Georgia.

8. At all relevant times, Sodexo had and continues to have at least $500,000 in "annual gross volume of sales made or business done." 29 U.S.C. § 203(s)(1)(A).

9. At all relevant times, Sodexo was and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

10. At all relevant times, Sodexo qualified and continues to qualify as an "employer" as defined by 29 U.S.C. § 203(d).

11. At all relevant times, Sodexo employed Plaintiff, who engaged in interstate commerce and/or the production of goods for interstate commerce.

**COUNT ONE: DEFENDANT WILLFULLY FAILED TO PAY PLAINTIFF FOR ALL HOURS WORKED IN EXCESS OF 40 PER WEEK AT THE OVERTIME RATE REQUIRED BY THE FLSA**

12. Sodexo provides food and facilities management services on-site at customer locations.

13. Plaintiff was an employee at Sodexo for over 30 years.

14. On December 18, 2008, Sodexo issued a letter to Plaintiff offering Plaintiff the position of Operations Manager 1, Food.

15. A true and correct copy of the letter sent December 18, 2008, is attached to this Complaint as Exhibit A.

16. The December 18, 2008, letter states that Mr. Jones' salary as Operations Manager 1, Food would be "$63,653.00 annually, payable in biweekly installments."

17. In July of 2011, according to Plaintiff's paystubs, Plaintiff's regular hourly rate was $31.9712 per hour.

18. True and correct copies of Plaintiff's paystubs for July 2011 are attached to this Complaint as Exhibit B.

19. On information and belief, two full-time employees worked with Plaintiff at his job site.

20. On information and belief, two part-time employees also worked with Plaintiff at his job site.

21. During all relevant times, Plaintiff routinely worked over 40 hours per week.

22. However, Defendant did not pay Plaintiff wages for hours worked in excess of 40 per week at a rate of not less than one and one half times his regular rate.

23. Defendant did not record the hours worked by Plaintiff in excess of 40 per week.

24. Therefore, Defendant violated the recordkeeping provision of the FLSA.

25. Sodexo employed personnel who supervised Plaintiff ("Plaintiff's Supervisors").

26. Plaintiff's Supervisors exercised control over Plaintiff's daily activities.

27. By way of example, one of Plaintiff's Supervisors, Richard Healy, issued a letter on September 6, 2011, with the subject line: "Manager Expectations- Daily, Weekly, Monthly, Yearly."

28. A true and correct copy of the letter mailed on September 6, 2011, is attached to this complaint as Exhibit C.

29. The letter mailed on September 6, 2011, lists thirty-two (32) discrete tasks that Plaintiff was required to perform on a daily basis.

30. The list of tasks includes the following: "Fill the Three compartment sinks;" "Put out pest control strips;" and "Prepare Breakfast Sandwiches for the day."

31. At all relevant times, Plaintiff performed many of the same tasks as those in his unit who were not classified as Managers.

32. For example, the September 6, 2011, letter required Plaintiff to "[a]ssist with Cooks on getting lines set up."

33. Plaintiff prepared and served food at his job site.

34. For example, the September 6, 2011, letter instructed Plaintiff to "[c]ook bacon, sausage, biscuits, oatmeal and grits for the day."

35. Plaintiff's job required him to perform manual labor such as putting stock away, washing dishes, chopping vegetables, and cleaning the facilities.

36. Plaintiff's job duties also included performing "cash work" at his job site.

37. "Cash work," as it applied to Plaintiff, included counting money, securing cash, and making deposits.

38. With respect to certain tasks, the September 6, 2011, letter specified the time of day that the tasks were to be completed.

39. For example, Mr. Healy directed Plaintiff to check his emails three times each day: "Morning, during the day and before [leaving] for the day."

40. Mr. Healy instructed Plaintiff to "[t]ake a lunch break when possible at 1:30 PM."

41. Plaintiff's Supervisors also used Plaintiff to relay instructions as to how and when the employees in Plaintiff's unit should perform their work.

42. The September 6, 2011, letter provides specific commands regarding what Plaintiff should do in circumstances that might otherwise require Plaintiff to exercise discretion.

43. For example, in the September 6, 2011, letter, Mr. Healy conveys the following instructions to Plaintiff: "Break the Cashier at 11:00 AM if another one is not there," and "Give Grill Cook his break at 11:30 AM if another one is not there."

44. Rather than authorizing Plaintiff to make decisions in the situations described in the preceding Paragraph, Mr. Healy made decisions for Plaintiff, and then directed Plaintiff to implement them.

45. By relaying instructions to others, Plaintiff was merely assisting the manager of his unit, Mr. Healy, in his communications with other employees on the days that Mr. Healy was not at the job site.

46. Plaintiff's Supervisors interviewed job candidates, and hired, fired, promoted, and demoted employees.

47. Plaintiff's Supervisors determined how many employees would be needed at his job site and the hours of operation.

48. Plaintiff's Supervisors chose the ingredients that would be purchased and used in the food served at Plaintiff's job site.

49. Plaintiff was not authorized to perform the tasks identified in Paragraphs 43 through 47.

50. Plaintiff's discretion was limited to tasks such as deciding which foods would be served from a list of options provided by Defendant.

51. Therefore, Plaintiff's Supervisors did not permit him to exercise discretion with respect to any matters of significance.

52. Plaintiff could train employees, but only after Plaintiff's Supervisors had trained them first.

53. Plaintiff could record employee attendance points.

54. Plaintiff could not take any action based on the attendance records.

55. Plaintiff provided the attendance records to Plaintiff's Supervisors.

56. Plaintiff could not hire, fire, demote, or promote the employees he supervised.

57. Plaintiff was required to "ensure" that the daily assignments issued by Plaintiff's Supervisors were completed.

58. On January 12, 2012, Sodexo issued Plaintiff a letter informing him that he would receive a "merit increase" in his salary of 2.50% because he had "[d]emonstrated performance that meets the requirements of the job" during the fiscal year of 2011.

59. A true and correct copy of the January 12, 2012, letter is attached to this Complaint as Exhibit D.

60. Approximately two months later, on March 14, 2012, Plaintiff was issued a letter informing him that he was being terminated because he was "not able to meet the performance standards required for [his] position."

61. A true and correct copy of the March 14, 2012, letter is attached to this Complaint as Exhibit E.

62. The March 14, 2012, letter cited Plaintiff's failure to perform several job functions, including, but not limited to, "not using recipes and build cards," "repeatedly post[ing] the wrong menu for the customers," and not updating the voice mailbox at his unit to announce his name.

63. In March of 2012, Plaintiff was terminated after over 30 years of satisfactory service at Sodexo.

64. During all relevant times, Plaintiff routinely worked more than 40 hours per week.

65. However, Defendant did not pay Plaintiff for hours worked in excess of 40 per week at a rate of not less than one and one half times his regular rate.

66. Plaintiff did not clock-in or clock-out using a time-keeping system.

67. Defendant failed to record Plaintiff's hours during the days Plaintiff worked for Defendant.

68. Thus, Defendant violated the record-keeping provision of the FLSA, 29 U.S.C. § 211(c).

69. Defendant's violations of the FLSA's overtime provision, 29 U.S.C. § 207, were willful because Defendant failed to maintain accurate time records.

70. Defendant's violations of the FLSA's overtime provision, 29 U.S.C. § 207, were willful because Defendant failed to compensate Plaintiff for all hours worked.

71. Pursuant to 29 U.S.C. §§ 216(b) and 255(a), Defendant is liable to Plaintiffs for three years of unpaid overtime wages.

72. Plaintiff seeks an award equal to the sum of his unpaid overtime wages for a period of three years and an equal amount as liquidated damages.

73. Plaintiff also seeks an award of reasonable attorney's fees and costs of bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that:

a. The Court enter judgment in favor of Plaintiff;

b. The Court enter judgment against Defendant that its violations of the FLSA were willful;

c. The Court award Plaintiff all unpaid overtime wages as provided for under the FLSA;

d. The Court award Plaintiff liquidated damages equal to the amount of all unpaid overtime wages as provided for under the FLSA;

e. The Court award Plaintiff reasonable costs and attorney's fees as provided for under the FLSA;

f. The Court determine all triable issues at trial; and

g. Plaintiff receive such other relief as the Court deems just and proper.

Respectfully submitted:   April 11, 2012

/s/  John L. Mays

**MAYS & KERR LLC**  
229 Peachtree Street  
International Tower | Suite 980  
Atlanta, Georgia 30303  
Telephone:  404 410 7998  
Facsimile:   404 855 4066  
Attorneys for Plaintiff

John L. Mays  
Georgia Bar No. 986574  
john@maysandkerr.com

Jeff Kerr  
Georgia Bar No. 634260  
jeff@maysandkerr.com

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted:   April 11, 2012

| | |
|---|---|
| **MAYS & KERR LLC** | /s/  John L. Mays |
| 229 Peachtree Street | John L. Mays |
| International Tower \| Suite 980 | Georgia Bar No. 986574 |
| Atlanta, Georgia 30303 | john@maysandkerr.com |
| Telephone:  404 410 7998 | |
| Facsimile:   404 855 4066 | Jeff Kerr |
| Attorneys for Plaintiff | Georgia Bar No. 634260 |
| | jeff@maysandkerr.com |